# Willis v. Pennsylvania Millers Mutual Insurance Co., Inc.

*William K. Sayer*, for plaintiff.
*Phillip H. Williams*, for defendant.

WILLIAMS, *J.*, June 11, 1980—Plaintiff, as a named mortgagee in a fire insurance policy, has filed a suit in assumpsit and trespass claiming the right to recover the sum of $20,000 due to the insured premises having been burned on March 24, 1977. Plaintiff claims the right to recover punitive damages, alleging that defendant has not acted in good faith in denying payment of his claim. He further alleges that defendant has ignored its own counsel's recommendation that it pay the claim, that it has failed and refused to make an adequate investigation of the claim.

Plaintiff seeks sanctions for an alleged failure to answer four of plaintiff's interrogatories, Nos. 9, 12, 14 and 18.

No. 9 was resolved in a conference between counsel and the court in which it was agreed that defendant would file an amended answer to this interrogatory. Interrogatory No. 18 was likewise resolved at the aforesaid conference by defendant agreeing to file an amended answer to that interrogatory.

Interrogatory No. 12 requires defendant to answer this question: "What recommendations did your attorney make, both before and after Plaintiff's statement under oath, concerning whether or not Plaintiff was entitled to his claim?" Defendant answered that communications between attorney and client are confidential and it need not answer this interrogatory.

Interrogatory 14 states: "Submit a copy of your most recent balance sheet and of your most recent yearly profit and loss statement." Defendant answered that the request is irrelevant, constitutes harassment and need not be answered.

## INTERROGATORY NO. 12

Plaintiff asks us to require defendant to disclose the advice given to it by its counsel. It is true that the Act of May 23, 1887, P.L. 158, 28 P.S. §321 [see now Judicial Code, 42 Pa.C.S.A. §5928], only grants the privilege of excluding confidential communications given to the attorney by the client. For that reason, the court in Eisenman v. Hornberger, 44 D. & C. 2d 128 (1967), required the disclosure of such advice, stating that it found no support for the argument that such advice is privileged. However, the Pennsylvania Supreme Court in National Bank of West Grove v. Earle, 196 Pa. 217, 46 Atl. 268 (1900), did hold that advice of counsel to a client is privileged. The court said at p. 221:

"If it were not, then a man about to become involved in complicated business affairs, whereby he would incur grave responsibilities, should run away from a lawyer rather than consult him. If the secrets of the professional relation can be extorted from counsel in open court, by the antagonist of his client, the client will exercise common prudence by avoiding counsel."

See also the discussion of this issue in the case of Westinghouse Electric Corporation Uranium Contracts Litigation, 76 F.R.D. 47 (W.D. Pa. 1977), where it was held that to require the disclosure of

an attorney's advice to his client, it is necessary to make out a prima facie case that the attorney was used to promote an intended, continuing criminal or fraudulent activity.

While plaintiff alleges fraud on the part of defendant, mere allegations in the complaint do not make out a prima facie case of fraud. This can only be done after an evidentiary hearing. In the interest of judicial economy this issue should be determined after the evidence has been heard by the trial judge and not by a pre-trial discovery hearing. To hear it in advance of trial, would in effect require the case to be tried twice, an unnecessary burden placed upon a busy court.

We, therefore, conclude that defendant is not required to answer Interrogatory No. 12. If at trial, plaintiff satisfies the trial judge that a prima facie case of fraud has been established, then it is our opinion that disclosure of the attorney's advice, should be required.

We are bolstered in our conclusion by the provisions of Pa.R.C.P. 4003.3 which reads: "The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." Since any advice given by an attorney represents his mental impressions, and his opinion based upon his legal research, it would appear that the above quoted language is dispositive of the issue before us.

If, however, the evidence at trial does establish a prima facie case of fraud, the opinion of counsel must be disclosed. Our ruling is that only until the trial judge at an evidentiary hearing finds plaintiff has shown a prima facie case of fraud, the court

should not compel disclosure on the mere allegations in the complaint which are not evidence.

## INTERROGATORY NO. 14

Since plaintiff's complaint alleges the commission of a tort, independent of the allegation of the breach of a contractual obligation, punitive damages may be recoverable, depending on the proof at trial. If so proven, the financial condition of defendant is relevant evidence at trial.

Unlike advice to counsel, such requested discovery does not deal with privileged information. Since the request is for discovery of defendants "most recent balance sheets and its most recent yearly profit and loss statement," Interrogatory No. 14, asks only for documents already existent, and we see no harassment involved in requiring their pre-trial discovery. Pa.R.C.P. 4003.1 permits discovery regarding any matter, not privileged, which is relevant to a claim of a party.

## ORDER

And now, June 11, 1980, it is ordered that within 20 days of the filing of this opinion, defendant shall file specific answers to plaintiff's Interrogatories Nos. 9, 12 and 18. The refusal of defendant to answer plaintiff's Interrogatory No. 12 is sustained unless at trial, plaintiff makes out a prima facie case of bad faith on the part of defendant in denying liability, in which event, discovery is directed.

In the event defendant should fail to comply with the terms of this order within the aforesaid period of 20 days, on motion of plaintiff, the imposition of sanctions will be considered by the court.